UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MEI KUM CHU, SAU KING CHUNG, and QUN
XIANG LING, individually and on behalf of all others
similarly situated,

                              *Plaintiffs*,

                        - against -

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

                              *Defendant*.
-------------------------------------------------------------x

Civil Action No.:

**NOTICE OF REMOVAL**

TO:    UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF NEW YORK

       Defendant, Chinese-American Planning Council Home Attendant Program, Inc. ("Defendant") is the Defendant in the civil action brought by Plaintiffs Mei Kum Chu, Sau King Chung, and Qun Xiang Ling ("Plaintiffs"), individually and on behalf of others, in the Supreme Court of the State of New York, New York County. Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this action to the United States District Court for the Southern District of New York, which is the judicial district in which the action is pending, and alleges as follows:

       1.    Plaintiffs commenced an action by filing a Summons and Complaint in the New York State Supreme Court, New York County. A true and correct copy of Plaintiffs' Summons and Complaint is attached hereto as **Exhibit A.**

       2.    The Notice of Removal is being filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint on April 25, 2016, and is therefore timely filed under

28 U.S.C. § 1441(b).

3. Plaintiffs filed a corrected Summons and Complaint in the New York State Supreme Court, New York County, on May 3, 2016. A true and correct copy of Plaintiffs' Corrected Summons and Complaint is attached hereto as **Exhibit B.**

4. Removal is appropriate under 28 U.S.C. §§ 1441(a) and (c) because all of Plaintiffs' claims are completely preempted by federal law, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Thus, this is a civil action in which the District Courts of the United States have been given original jurisdiction, in that it arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.

5. The state court action is based on allegations that Plaintiffs were not paid for all 24 hours during 24-hour shifts, and as a result, were not paid the required minimum wage, overtime wages, a "spread-of-hours" premium, in violation of the New York Labor Law and New York Home Care Worker Wage Parity Act ("Wage Parity Act"). Ex. B ¶¶ 31–33, 36, 37, 43, 44, 57–60, 68–86, 89–98. The Complaint also alleges that Plaintiffs failed to receive pay statements that complied with the New York Labor Law. *Id.* ¶ 61, 87, 88.

6. Plaintiffs and all putative class members were or are members of a union, 1199 SEIU United Healthcare Workers East ("1199"), which has been a party to a collective bargaining agreement ("CBA") with Defendant for many years. True and correct copies of the CBA, as modified and extended by memoranda of agreement ("MOA"), are attached hereto as follows: 2010 CBA as **Exhibit C,** 2012 CBA as **Exhibit D,** 2014 MOA as **Exhibit E,** and 2015 MOA as **Exhibit F.** This CBA has governed the employment relationship between Defendant and Plaintiffs for the entirety of the class period alleged.

7. Plaintiffs and all putative class members are subject to the provisions of the CBA

relating to wages and hours, which expressly set forth their compensation, including for 24-hour shifts. *See* Ex. D, Articles X, XI; Ex. E Article X; Ex. F, Articles X, XI. Therefore, Plaintiffs' claims require the interpretation of the CBA.

8.  Plaintiffs' wage and hour claims effectively amount to a legal challenge to the lawfulness of the CBA's terms, which requires substantial interpretation of the CBA.

9.  Further, Plaintiffs and all putative class members are subject to the provisions of the CBA relating to mandatory grievance and arbitration procedures. *See* Exhibit E, p. 6, ¶ 24; Ex. F, Articles X, XI; p. 9–10, ¶¶ 1–6. The CBA's grievance and arbitration procedure explicitly covers each and every claim brought by Plaintiffs. It provides that "all claims . . . asserting violations of or arising under the . . . Wage Parity Law or New York Labor Law, in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article." Ex. F, p. 9–10, ¶ 1. Plaintiffs failed to exhaust this grievance and arbitration procedure.

10. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this notice and incorporates by reference all of the process, pleadings, and orders served on it prior to its removal of this action. *See* Ex. A; Ex. B.

11. Written notice of the filing of this Notice of Removal is being given to Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

12. A copy of this Notice of Removal and supporting papers are being filed with the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

13. Defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, Defendant Chinese-American Planning Council Home Attendant Program, Inc. respectfully requests that the State Court Action be removed to this Court.

Dated: New York, New York
May 13, 2016

Respectfully submitted,

HOGAN LOVELLS US LLP

By: _____
Kenneth Kirschner
Jose Irias
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
*Attorneys for Defendant*